STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss.                                         CIVIL ACTION
                                                        Docket No. CV-11-06


VAUGHN SLEEPER, et al,

      Plaintiffs,

v.                                                      ORDER


DANIEL G. LILLEY, et al,

      Defendants.


Before the court is a motion by defendants Daniel G. Lilley and Daniel G. Lilley Law Offices P.A. to dismiss the complaint. Defendants argue that the claims by plaintiffs Vaughn and Mary Sleeper are barred by the statute of limitations on the face of the complaint and that Count III of the complaint (negligent infliction of emotional distress) fails to state a claim upon which relief may be granted.

For purposes of a motion to dismiss, the material allegations of the complaint must be taken as admitted. The complaint must be read in the light most favorable to the plaintiffs to determine if it sets forth elements of a cause of action or alleges facts that would entitle plaintiffs to relief pursuant to some legal theory. A claim shall only be dismissed when it appears beyond doubt that plaintiffs are not entitled to relief under any set of facts that they might prove in support of his claim. In re Wage Payment Litigation, 2000 ME 162 ¶ 3, 759 A.2d 217, 220.

## 1. Statute of Limitations

The Sleepers allege that defendants represented them in pursuing a claim against Agway, Inc. and that in the course of that representation defendants committed professional negligence, that defendants breached a fiduciary duty to plaintiffs, and that defendants negligently inflicted emotion distress upon the plaintiffs.

The applicable statute of limitations is the six year statute contained in 14 M.R.S. § 752. In addition, 14 M.R.S. § 752-B provides that in actions alleging professional negligence against an attorney, the statute of limitations starts to run from the date of the act or omission giving rise to the injury, not from the discovery of the malpractice.

This action was commenced on January 7, 2011. As a result the Sleepers' claims will only be time barred if the complaint alleges that they are complaining about alleged instances of negligence and/or alleged breaches of fiduciary duty that occurred prior to January 7, 2005.

A review of the complaint demonstrates that most of the Sleepers' factual allegations relate to claimed deficiencies in performance that allegedly occurred after January 7, 2005. See Complaint ¶¶ 29-51. Indeed, the only allegation that may relate to alleged malpractice prior to January 7, 2005 is defendants' alleged failure "to identify one or more causes of action best suited to the Sleepers' claims." See Complaint ¶¶ 11-13, 59(a). The Sleepers' complaint, however, does not on its face rule out the possibility that this alleged failure occurred after January 7, 2005. If it proves to be the case that the alleged deficiency in identifying the appropriate causes of action is limited to the period prior to January 7, 2005, this aspect of plaintiffs' claim can be dismissed on a motion for summary judgment or at trial.

On the face of the complaint, the motion to dismiss based on statute of limitations is denied.

2

## 2. Negligent Infliction of Emotional Distress

Defendants do not apparently dispute that damages for emotional distress may be recovered if plaintiffs prevail on their claim of professional negligence. See Defendants' Reply Memorandum dated March 22, 2011 at 1. This is true so long as plaintiffs prove that defendants' actions were not just negligent but egregious or that defendants' negligence resulted not just in economic loss but also in reputational harm or other personal, non-economic damage. See Garland v. Roy, 2009 ME 86 ¶¶ 24-25, 976 A.2d 940, 947-48. Defendants' argument is only that the Sleepers are not entitled to bring a free-standing claim for infliction of emotional distress.

The court agrees. First, a free-standing claim for negligent infliction of emotional distress is only cognizable in bystander cases or in cases where a special relationship is alleged. Curtis v. Porter, 2001 ME 158 ¶ 19, 784 A.2d 18, 25-26. This is not a bystander case, and the Sleepers' complaint does not allege a special relationship.[1] Second, where a plaintiff has brought a separate tort claim that would, if successful, permit recovery for emotional distress, a claim for negligent infliction of such distress is usually subsumed in any damages awarded for the separate tort. Id. Finally, allowing a separate claim against attorneys for emotional distress would potentially circumvent the directive of Garland v. Roy, supra, that such damages are not recoverable in legal malpractice actions against attorneys unless egregious behavior or reputational harm is shown.

Count III of the complaint therefore fails to state a claim on which relief may be granted.

---

[1] Their complaint does allege that defendants owed them a fiduciary duty but is devoid of any allegations that this arose out of anything other than a standard attorney-client relationship. See Complaint ¶ 9.

3

The entry shall be:

Defendants' motion to dismiss is denied with respect to counts I and II of the complaint but is granted with respect to count III of the complaint. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: May ___6___, 2011

Thomas D. Warren
Justice, Superior Court

4

--------------------------------------------------------------------------

01 0000003412          BALS, LEE
   ONE CANAL PLAZA SUITE 600 PORTLAND ME 04101-4035

| F | VAUGHN SLEEPER | PL | RTND | 01/07/2011 |
|---|---|---|---|---|
| F | MARY SLEEPER | PL | RTND | 01/07/2011 |

02 0000002658          MACCOLL, EDWARD
   120 EXCHANGE ST, 6TH FLOOR PO BOX 447 PORTLAND ME 04112-0447

| F | DANIEL G LILLEY | DEF | RTND | 02/01/2011 |
|---|---|---|---|---|
| F | DANIEL G LILLEY LAW OFFICES PA | DEF | RTND | 02/01/2011 |

VAUGHN SLEEPER ET AL VS DANIEL G LILLEY ET AL
UTN:AOCSsr  -2011-0002193                    CASE #:PORSC-CV-2011-00006